**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| EVELYN QUINN, | : | Case No. 3:20-cv-00057 |
| Plaintiff, | : | District Judge Douglas R. Cole<br>Magistrate Judge Sharon L. Ovington |
| vs. | : | |
| WRIGHT STATE UNIVERSITY, et al, | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATIONS[1]

Plaintiff Evelyn Quinn is a former student at Wright State University. She brings this case pro se seeking a refund of the tuition she paid since her attendance at Wright State University began in 2014 and other remedies, including an award of compensatory damages due to emotional distress, punitive damages, and a refund of the $300 she paid for parking.

Defendants Wright State University and Andrea L. Goubeaux (Jordan) have filed a Motion to Dismiss Plaintiff's Complaint (Doc. #7). Defendants served Plaintiff with a copy of their Motion to Dismiss by mailing it to her address of record. *Id*. at 84. The Court notified Plaintiff that her response to Defendants' Motion must be filed with the Court no later than April 9, 2020. (Doc. #8). The Court also notified Plaintiff that if she did not respond, Defendants' Motion to Dismiss may be granted and her case dismissed.

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

*Id*. Plaintiff thereafter sought two extensions of time to respond to Defendants' Motion. Each extension was granted. The Order granting the most recent extension of time also instructed her that her response to Defendants' Motion was due on June 1, 2020. The Order also notified her that further extensions would not be given absent extraordinary circumstances. (Doc. #13).

June 1, 2020 came and went without Plaintiff filing a response to Defendants' Motion to Dismiss. The record presently indicates that she has not filed a document in this case since her last Motion for Extension of Time, which she filed on April 23, 2020.

Defendants contend that Plaintiff's Complaint alleges conclusory allegations are unsupported by additional facts that support a plausible claim for relief. This problem, they argue, warrants dismissal of Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6).

The Federal Rules of Civil Procedure provide that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)) (internal quotation marks omitted) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To avoid dismissal under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (internal quotation marks and citations omitted). "A complaint has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see Agema v. City of Allegan*, 826 F.3d 326, 331 (6th Cir. 2016). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.'" *Iqbal*, 556 U.S. at 678. A complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-56 (internal citations omitted).

Plaintiff's pro se Complaint is measured by "'less stringent standards than formal pleadings drafted by lawyers,'" and must be therefore liberally construed. *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (citation omitted).

Plaintiff explains in her Complaint that her study of social work at Wright State University (WSU) involved an Internship at "Daybreak." On October 15, 2019, Defendant Goubeaux—a WSU Professor—terminated Plaintiff's social work class and internship at Daybreak "for her own personal reasons." (Doc. #2, *PageID* #29). Plaintiff filed a grievance about this, but the Director of the Grievance Committee "agreed to the Professor [Goubeaux's] misconduct." *Id*.

Plaintiff states that WSU's Social Work Department's policies for terminating a student's internship are not clear to them. She alleges that the Social Work Department wrote bogus statements to justify Professor Goubeaux's decision to terminate Plaintiff's Internship at Daybreak and her enrollment in a social-work class. She claims that "Professor Goubeaux discriminated and harassed [her] because of [her] age." *Id*. Plaintiff notes that she is 55 years old and had earned an A grade in classes and had a

grade point average of 3.65. Despite these achievements, Professor Goubeaux gave Plaintiff all F grades, including an F in the last seminar class, which she had not yet started to take. Plaintiff thinks about the situation in this way: "Professor Goubeaux cannot say, you are passing your seminar class, but I am going to terminate your Intern[ship] because I don't like you. WSU['s] entire Social Work department went along with her personal feelings, for her not [following] the department policies." *Id.*

Plaintiff attaches additional allegations to her Complaint discussing things that occurred during her Internship at Daybreak and during or related to the class taught by Professor Goubeaux. She asserts most prominently that Professor Goubeaux harassed her during class on two occasions by loudly asking, in front of the other students, to see her after class. She points to additional interactions she had with Professor Goubeaux about, for example, her termination from the Daybreak Internship, her continuing study in the social work program, or her possible study in another Major subject area. She emphasizes that she wants to receive the A grade she earned in her social work class, and she says, "I will never take another class at Wright State University…." *Id.*

Accepting as true the above facts and liberally construing Plaintiff's Complaint in her favor, she has not raised a plausible claim that Defendant WSU discriminated against her because of her age. Assuming in Plaintiff's favor—without deciding—that a statutory or constitutional ground exists to support her age-discrimination claim, she alleges conclusory allegations.[2] She alleges that Professor Goubeaux made decisions and

[2] *Cf.* 42 U.S.C. § 6102 ("no person in the United States shall, on the basis of age, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under, any program or activity receiving Federal financial assistance.").

engaged in actions concerning Plaintiff based on her (Professor Goubeaux's) personal feelings. Without more specific supporting facts, this allegation fails to raise a reasonable inference, or a plausible claim, of age discrimination. *See Iqbal*, 556 U.S. at 678 ("the tenet that a court must accept a complaint's allegations as true is inapplicable to legal conclusions. Threadbare recitals of a cause of action's elements, supported by mere conclusory statements do not suffice.").

Plaintiff's Complaint also fails to raise a plausible claim of age discrimination based on harassment (again, assuming a legal basis exists to support such a claim). Her allegation that on two occasions in front of other students, Professor Goubeaux loudly asked Plaintiff to see her after class does not raise a plausible inference that the Professor did so because of Plaintiff's age. And neither this loud action nor any other conduct by Professor Goubeaux, viewed alone or collectively, suffice to indicate that she subjected Plaintiff to an objectively intimidating, hostile, or offensive environment due to her age. *Cf. Crawford v. Medina General Hosp.*, 96 F.3d 830, 835 (6th Cir. 1996) (To show ADEA violation, discriminatory harassment must, in part, create an objectively intimidating, hostile, or offensive work environment). Further, Plaintiff's lack of response to Defendants' Motion to Dismiss leaves the record void of any contention by her that her Complaint asserts a plausible age-discrimination claim.

To the extent Plaintiff's Complaint seeks to raise a federal constitutional, (Doc. #2, *PageID* #78) (checkmarking 42 U.S.C. § 1343(3)), it remains unadorned by specific facts and raises conclusory allegations of discrimination. Given these deficiencies and Plaintiff's failure to respond to Defendants' Motion to Dismiss, her Complaint fails to

raise a plausible federal constitutional claim.

Plaintiff's discrimination claim also fails due to an exhaustion problem. There is no indication in her Complaint or attached materials that, before she filed her Complaint in this Court, she exhausted her administrative remedies as required by the Age Discrimination Act of 1975, 42 U.S.C. § 6101, *et seq*., and its accompanying Regulations. *See McVicker v. Hartfield*, 2:08cv1110, 2009 WL 2431257, at *10 (S.D. Ohio 2009) (Graham, J.) (and cases cited therein); *see also Harris v. New York State Educ. Dept*., 419 F.Supp.2d 530, 535 (S.D.N.Y. 2006).

Accordingly, Defendants' Motion to Dismiss is well taken.

**IT IS THEREFORE RECOMMENDED THAT**:

1. Motion to Dismiss Plaintiff's Complaint (Doc. #7) be GRANTED; and

2. The case be terminated on the Court's docket.

June 25, 2020

*s/Sharon L. Ovington*
Sharon L. Ovington
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).